## Harris v. McReynolds, et al.

(Decided October 22, 1913).

Appeal from Allen Circuit Court.

Finding of Chancellor.—In an equitable action seeking a mandatory injunction to remove certain obstructions from a creek, the question being one of fact and there being ample evidence in the record to uphold the judgment of the chancellor granting the injunction, his finding will not be disturbed under the well known rule that the judgment of the chancellor should be given some weight on a question of fact.

J. H. GILLIAM, HARPER & GOAD and W. D. GILLIAM for appellant.

GOAD & OLIVER for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an equitable action by appellees against appellant seeking to require him by mandatory injunction to remove from Buck Creek certain obstructions placed therein, and to enjoin him from further obstructing that stream, and seeking damages to plaintiff's land caused by the overflowing of the water from that stream through their bottom land brought about by the obstructions.

Appellant filed an answer, which he made a counter-claim, denying the material allegations of the petition, and alleging damage to his lands by reason of certain obstructions placed by appellee in the same stream.

The lower court granted the injunction asked by the plaintiff, and assessed damages of $150 against defendant by reason of the injury to plaintiff's land, and the defendant appeals.

The parties were adjoining land owners on Buck Creek, appellant owning chiefly on the east side, and appellee on the west side; the stream runs in a northeasterly direction, and is practically the dividing line between their farms.

Some two years or more before the institution of this action the parties had an agreement by which appellees might put certain obstructions in the creek, and fill up the old bed of the creek so as to change the course of the stream over next to the bluff on appellant's side, and in that way protect appellee's bottom land from overflow without injuring appellant. This appellee proceeded to do, and the arrangement seemed to be satisfactory, and was acquiesced in for about two years; but some difference having arisen between the parties, appellant proceeded to place thirty or forty trees in the new bed of the creek so agreed upon, and thereby caused such an obstruction that the first tide caused the water to flow through the bottom land of appellees, and damage it by washing and leaving deposits of gravel.

It is conceded by both parties that the questions in issue are pure questions of fact; as is usual in such cases a large number of witnesses testified, and had different ideas of what caused the overflow and the amount of the damage.

It would be unprofitable to enter into an extended discussion of the evidence; it is sufficient to say that there is ample evidence in the record to uphold the judgment of the chancellor, and under the well known rule it will not be disturbed.

Judgment affirmed.